UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV**   **7273**

--------------------------------------------------------------------- x

JOAN DONOHUE,

PLAINTIFF,

**COMPLAINT**

-AGAINST-

**ECF CASE**

NEW YORK CITY, PARK ENFORCEMENT PATROL
OFFICER CHARLEMAGNE, and PARK PATROL
ENFORCEMENT OFFICER DOSAINT, individually, and
in their capacity as members of the New York City Park
Enforcement Patrol,

**JUDGE BERMAN**



DEFENDANTS.

--------------------------------------------------------------------- x

### PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Joan Donohue ("Ms. Donohue"), seeks
   relief for the violation of her rights secured by 42 USC 1983, the Fourth and
   Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 28, 2013, in which officers
   of the New York City Park Enforcement Patrol ("NYCPEP"), acting under color of
   state law, intentionally and willfully subjected Ms. Donohue to *inter alia* excessive
   force and denial of right to a fair trial.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against
   defendants and an award of costs and attorneys' fees, and such other and further relief
   as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.  Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6.  Plaintiff, Ms. Donohue, is a United States citizen and at all times here relevant resided at 513 East 13th Street, Apartment 18, New York, NY 10009.

7.  New York City is a municipal corporation organized under the laws of the State of New York.

8.  Park Enforcement Patrol Officer Charlemagne ("PEPO Charlemagne") and Park Enforcement Patrol Officer Dosaint ("PEPO Dosaint"), at all times here relevant were Park Enforcement Patrol Officers in NYCPEP, and are sued in their individual and professional capacities.

9.  At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Donohue is a 75 year-old retired school teacher.

11. Ms. Donohue suffered a heart attack in 2011 and had a stent fitted.

12. Ms. Donohue regularly walks along the East River Park to stay healthy.

13. In or about March, 2013, Ms. Donohue adopted a small Chihuahua from the shelter for abused dogs.

14. On or about December 28, 2013, Ms. Donohue was walking her Chihuahua in the East River Park.

15. Ms. Donohue reached an enclosed baseball field that was deserted.

16. Ms. Donohue saw no signs as she entered through the south entrance to the field.

17. Ms. Donohue let the Chihuahua off its leash so it could run around in a small circle.

18. PEPO Charlemagne and PEPO Dosaint entered the park.

19. Ms. Donohue called over her dog and put its leash back on.

20. PEPO Charlemagne and PEPO Dosaint approached Ms. Donohue and asked her for identification.

21. Ms. Donohue did not have identification on her person as she was merely out for a walk.

22. PEPO Charlemagne and PEPO Dosaint told Ms. Donohue that dogs were not permitted off their leash in the park.

23. Ms. Donohue told the officers that she was unaware of that rule and that the dog was now on its leash.

24. PEPO Charlemagne and PEPO Dosaint continued to demand identification from Ms. Donohue.

25. Ms. Donohue explained that she did not have identification with her.

26. PEPO Charlemagne and PEPO Dosaint continued to hassle Ms. Donohue.

27. Ms. Donohue asked for the officers' names but they refused to give them.

28. Ms. Donohue felt uneasy and went to leave the park.

29. PEPO Charlemagne and PEPO Dosaint blocked Ms. Donohue.

30. PEPO Charlemagne then pushed Ms. Donohue from the front.

31. Ms. Donohue told the officers that she was 75 years old and had a heart condition.

32. The officers then pulled the leash out of Ms. Donohue's hand and grabbed her arms.

33. The officers then forcibly handcuffed Ms. Donohue behind her back.

34. The handcuffs were extremely tight.

35. Ms. Donohue was in great pain and was terrified.

36. Ms. Donohue told the officer that she had a heart condition and that she did not feel well.

37. Ms. Donohue requested medical attention.

38. PEPO Charlemagne and PEPO Dosaint ignored the request.

39. Ms. Donohue requested that the handcuffs be loosened.

40. PEPO Charlemagne and PEPO Dosaint responded by tightening the handcuffs.

41. Eventually an ambulance arrived and Ms. Donohue was treated.

42. Ms. Donohue was then taken to the 9th police precinct and processed.

43. Ms. Donohue was held for several hours.

44. Ms. Donohue was released and issued with four summonses.

45. Ms. Donohue had to go to NYPD Animal Care and Control in Harlem to pick up her dog.

46. On or about March, 2014, Ms. Donohue went to court and was granted an Adjournment Contemplating Dismissal.

47. Ms. Donohue continues to feel traumatized by the events of December 28, 2013, and is wary and fearful when she sees police officers and NYCPEP officers.

48. Ms. Donohue suffered from high blood pressure, anxiety, and stress as a result of the incident.

49. Ms. Donohue also suffered physical injuries as a result of the incident, including but not limited to, severe swelling, bruising and pain to her wrists and arms, and shooting pains through her wrists, hands and fingers.

50. Ms. Donohue has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – False Arrest)

51. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

52. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

53. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

54. Defendants confined plaintiff.

55. Plaintiff was aware of, and did not consent to, her confinement.

56. The confinement was not privileged.

57. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

60. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

61. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### (42 USC 1983 –Denial of Right to a Fair Trial)

62. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

63. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

64. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

65. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

66. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

67. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                September 4, 2014

                                  By:

                                        Duncan Peterson (DP 7367)
                                        PetersonDelleCave LLP
                                        Attorney for Plaintiff
                                        233 Broadway, Suite 1800
                                        New York, NY 10279
                                        (212) 240-9075